!

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| Curtis Nieves (Pro se) | |
|                      Plaintiff, | Case No. 20-11467 |
| v. | Paul D. Borman |
| | United States District Judge |
| Kiekert AG, Kiekert USA, Chuck Bartley, Guadalupe Pizana, Kiekert Human Resources, Tammy Brown, Phil Reichstetter, Sue Barker | R. Steven Whalen |
| | United States Magistrate Judge |
|                      Defendants. | |
| _____/ | |

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRIES OF DEFAULT (ECF No. 33)

**I.    Introduction**

On May 27, 2020, Plaintiff filed an eight-count *pro se* Complaint against Kiekert AG, Kiekert USA, Chuck Bartley, Guadalupe Pizana, Kiekert Human Resources, Tammy Brown, Phil Reichstetter, and Sue Barker alleging employment termination in violation of Federal Civil Rights Laws. (ECF No. 1.) On July 21, 2020 Plaintiff served the Complaint by mailing to Kiekert USA headquarters via USPS certified mail two packets of documents containing summonses and copies of the Complaint for the corporate entities and individual defendants, respectively. The

packet with the corporate summonses was signed for by an administrative assistant employed by Kiekert USA. (ECF No. 33, Exhibit 1, Certified Mail Receipts) Defendant Chuck Bartley signed for the individual summonses. (*Id.*) Plaintiff filed proofs of service for each Defendant between July 26, 2020 and August 5, 2020. (ECF Nos. 7–14).

Defendants Chuck Bartley and Kiekert USA accepted service and filed an Answer on August 11, 2020. (ECF No. 15.) The remaining Defendants did not file responsive motions. Between August 17 and August 20, 2020 Plaintiff filed Requests for Clerk's Entry of Default for the remaining Defendants (ECF No. 17, 23–24, 27–29) The Clerk entered defaults against the Defendants. (ECF No. 19, 25–26, 30–32.)

Before the Court today is Defendants' Motion to Set Aside the Default Judgments filed on September 18, 2020 (ECF No. 33). Plaintiff filed a Motion to Deny Defendants' Motion to Set Aside Entries of Default and to Grant Default Judgments filed on September 30, 2020, which is treated as a response, per E.D. Mich. L.R. 5(e), which provides that a "response or reply to a motion must not be combined with a counter-motion." (ECF No. 34.) Defendants filed a Reply on October 15, 2020. (ECF No. 37.)

Defendants argue that service was improper on the defaulted Defendants and that there exists good cause for having the defaults set aside. (ECF No. 33

PageID.123–24) Plaintiff argues service was proper for both the individual defendants and corporate entities, and the entries of default should stand.

For the reasons stated in this Opinion and Order, this Court finds that service was improper as to the defaulted Defendants and Defendants have shown good cause exists for setting aside the entries of default.

### II. Service of Process

"Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, No. 99-5018, at *5 (6th Cir. 2000) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Etherly v. Rehabitat Systems of Mich.*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. 2013) ("if service of process was not proper, the court must set aside an entry of default."). A named defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time

within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Salathiel Thomas, v. Wayne County Community College District,* No. 19-13499, 2020 WL 5878215, at *1 (E.D. Mich. 2020). Actual knowledge of a lawsuit does not cure a technically defective service of process. *LSJ Inv. Co., Inc. v. O.L.D. Inc.,* 167 F.3d 320, 322 (6th Cir.1999).

### a. Kiekert Human Resources

Defendants argue that Kiekert Human resources is not a legal entity, and therefore cannot be served with process (ECF No. 33, PageID.136), and that Plaintiff provides no support for its claim that "Kiekert Human Resources is its own legal entity." (citing ECF No. 34-1.) Defendants liken suing Kiekert Human Resources with suing a "department of a municipal government" and cite cases demonstrating municipal departments cannot be sued as entities.[1] (ECF No. 37 PageID. 254-55 n. 2). Because Kiekert Human Resources is not an entity with legal or corporate existence separate from that of Kiekert USA, and therefore cannot be subject to

---

[1] Defendants Cite: *Boykin v. Van Buren Twp.,* 479 F.3d 444, 45 (6th Cir. 2007) (holding that the police department is subsumed within the municipal entity and cannot be sued as a separate defendant); *Carey v. Hall*, No. 12-14777, 2013 WL 174503, at *1 (E.D. Mich., January 3, 2013) (city departments are only agents of the city and not entities that can be sued); *Michonski v. City of Detroit,* 162 Mich. App. 485, 413 N.W.2d 438 (1987) (public lighting department is not separate legal entity against whom tort action may be brought).

service of process, the Clerk's Entry of Default against Kiekert Human Resources is set aside.

### b. Kiekert AG

Defendants argue Kiekert AG, a German corporation, was not properly served. (ECF No. 33 PageID.136.) Plaintiff attempted to serve Kiekert AG by mailing a packet via USPS certified mail with the summons and complaint to Kiekert USA's headquarters, where it was signed for by an administrative assistant employed in the office. (ECF No. 33, Exhibit 1, Certified Mail Receipts; ECF No. 34 PageID.183). Defendants argue the administrative assistant is not an agent of Kiekert AG and is not authorized to accept service on behalf of Kiekert AG. (ECF No. 33 PageID.137.)

Proper service of process on a corporation is accomplished pursuant to Federal Rule of Civil Procedure 4(h), which provides that a corporation must be served:

> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(A) also allows for service of a private corporation "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction in the state." The relevant Michigan court rule, M.C.R. 2.105(D), which concerns service on corporations, provides:

Service of process on a domestic or foreign corporation may be made by

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
> > (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
> > (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
> > (c) the corporation's term of existence has expired.

M.C.R. 2.105(D).

Plaintiff attempted service by sending via USPS certified mail to Kiekert USA, where it was signed for by an administrative assistant. This service does not comply with Fed R. Civ. P 4(h) or M.C.R. 2.105(D) for service upon Kiekert AG. There is no evidence that the administrative assistant who signed for the documents was an officer or registered agent of Kiekert AG. Plaintiff did not serve the summons and complaint on an officer or agent of Kiekert AG and did not comply with any other option to serve Kiekert AG.

Service on a foreign corporation cannot be accomplished through service on a resident Michigan subsidiary. *In re Auto. Parts Antitrust Litig.*, 2017 WL 10808851, at *2 (E.D. Mich. 2017). Plaintiff presents no evidence that Kiekert USA is an agent for Kiekert AG for service of process purposes. *See also Lafarge Corp. v. Altech Environment, U.S.A.*, 220 F.Supp.2d 823, 827, 832 (E.D. Mich. 2002) (court denied the plaintiff permission to serve a foreign defendant through its domestic subsidiary because under Michigan law a party may not serve a foreign company involuntarily through a resident subsidiary).

Further, certified mail is not a proper way to serve a corporation in Michigan. *See Etherly v. Rehabitat Sys. of Michigan*, No. 13-11360, 2013 WL 3946079 at *2 (E.D. Mich. 2013) (Borman, J.) ("[S]ervice of process by certified mail is not proper service on a Michigan corporation."); *Harper v. ACS-Inc.*, No. 10-12112, 2010 WL 4366501, at *4 (E.D. Mich. 2010) ("[C]ourts in the Eastern District of Michigan

consistently have held that proper service in Michigan does not include service by mail."); *Walker v. Brooke Corp.*, No. 08-14574, 2009 WL 1689653, at *2 (E.D. Mich. 2009) ("Cases in this district that have addressed the issue have held that the Michigan rules do not authorize service by registered mail on corporations.").

Plaintiff's service upon Kiekert AG was improper. This Court concludes that it did not have the authority to enter a default against Defendant. As the Sixth Circuit has held, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). Where the Court lacks personal jurisdiction over the Defendant, the Court cannot take action, including the entry of default against the Defendant. *See, e.g., Salathiel Thomas, v. Wayne County Community College District,* No. 19-13499, 2020 WL 5878215, at *2 (E.D. Mich. 2020) (finding, where service was improper, that the Court lacked authority to enter Clerk's Entry of Default and granted the Defendant's Motion to Set Aside.) The Clerk's Entry of Default against Kiekert AG is set aside.

### c. Individual Defendants

As for the individual defendants, Plaintiff argues that "Chuck Bartley used implied consent as Plant Manager and because of the Covid-19 virus, signed for Guadalupe Pizana, Tammy Brown, Sue Barker and Phil Reichstetter." (ECF No 34

PageID.183 ¶1) Plaintiff questions whether Bartley gave the individual defendants copies of the complaint and summons and argues that "summons were individually sent by USPS certified mail, return receipt and restricted signature delivery confirmation." (ECF No. 34 PageID 184)

Federal Rule of Civil Procedure 4(e) provides for the ways in which service may be made on an individual. Individuals may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
> Fed. R. Civ. P. 4(e).

Plaintiff did not personally serve each defaulted Defendant nor did Plaintiff leave a copy of the Complaint and Summons with someone of suitable age and discretion who resides at the individual's usual place of abode.

There is no evidence that Chuck Bartley was an agent authorized to accept service for any of the individual defaulted defendants, and each defaulted Defendant testified that they did not authorize or appoint any agents to receive process on their

behalf. (ECF No. 33-4 PageID. 169, 171, 173, 175, Affidavits of Defaulted Individual Defendants.) Plaintiff argues that due to Covid-19, Chuck Bartley had "implied consent" to accept service for the defaulted individual defendants.

Pursuant to Michigan law, process may be served on an individual by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A) (2). *See Etherly v. Rehabitat Sys. of Michigan*, No. 13-11360, 2013 WL 3946079, at *4 (E.D. Mich. 2013) (Borman) (finding that the individual Defendants failed to claim or acknowledge receipt of the mailings, and thus had not been served.) Here, the individual Defendants against whom Default has been entered all deny signing a return receipt or receiving service by any of the other permitted means. (ECF No. 33-4 PageID. 169, 171, 173, 175, Affidavits of Defaulted Individual Defendants.) Therefore, service was not proper under Michigan law.

"[I]f service of process was not proper, the court must set aside an entry of default." *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Due to Plaintiff's failure to properly serve Defendants Guadalupe Pizana, Tammy Brown, Sue Barker and Phil Reichstetter, the Clerk's Entries of Default are set aside.

### III. Good Cause for Setting Aside Defaults

Federal Rule of Civil Procedure 55(c) allows a district court to "set aside an entry of default for good cause." *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). " '[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c)' to grant a defendant relief from a default entry." *United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (quoting *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)). The criteria used to determine whether "good cause" has been shown for purposes of setting aside an entry of default are whether: (1) the default was willful (i.e., defendant's culpable conduct led to the default); (2) setting aside the default would prejudice plaintiff; and (3) defendant has a meritorious defense. *O.J. Distrib., Inc.*, 340 F.3d at 353 n.3 (6th Cir. 2003) (citing *United Coin Meter Co.,* 705 F.2d at 844 (6th Cir. 1983)). Even assuming that service was proper against any of the defaulted Defendants, Defendants demonstrate each factor weighs in favor of setting aside the entries of default.

First, Plaintiff provides, and this Court finds, no evidence of any Defendants' willful conduct to evade service or thwart judicial proceedings. To "be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those

proceedings." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (citations omitted).

Second, Plaintiff fails to show that he would be prejudiced should the entries of default be vacated. Requiring the Plaintiff to litigate this action on the merits does not constitute prejudice, even with the delay caused by the present controversy. Without support, Plaintiff argues that "setting aside the defaults will result in the loss of evidence, provide greater opportunity for fraud and collusion, or increase the difficulty of discovery." (ECF No. 34-1, PageID. 195). Because there are no substantiated claims of a loss of evidence, any possibility for fraud and collusion, or any increase in the difficulty of discovery, Plaintiff essentially claims prejudice by delay alone.

In the Sixth Circuit, "mere delay in satisfying the plaintiffs claim . . . is not sufficient prejudice to require denial of a motion to set aside a default judgment. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.' " *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citations omitted); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). Without more from Plaintiff, this factor weighs in favor of setting aside the Entries of Default.

Third, Defaulted Defendants have articulated meritorious defenses that meet the standard of containing "even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Amernational Indus. V. Action-Tunsgram*, 925 F.2d 970, 977 (6th Cir. 1991).

Defendants have shown that each factor weighs in favor of setting aside the entries of default.

This Court ORDERS:

1. The Defendant's Motion to Set Aside Clerk's Entries of Default (ECF No. 33) against Kiekert AG, Kiekert Human Resources, Guadalupe Pizana, Tammy Brown, Phil Reichstetter, and Sue Barker is GRANTED.

2. The Clerk is DIRECTED to VACATE the Entries of Default against Kiekert AG (ECF No. 32), Kiekert Human Resources (ECF No. 19), Guadalupe Pizana (ECF No. 26), Tammy Brown (ECF No. 30), Phil Reichstetter (ECF No. 31), and Sue Barker (ECF No. 25).

SO ORDERED.

Dated: October 29, 2020              s/Paul D. Borman
                                     Paul D. Borman
                                     United States District Judge