UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS NIEVES (Pro se)

    Plaintiff,

v.

KIEKERT AG, KIEKERT USA, CHUCK BARTLEY, GUADALUPE PIZANA, KIEKERT HUMAN RESOURCES, TAMMY BROWN, PHIL REICHSTETTER, SUE BARKER

    Defendants.

_____/

Case No. 20-11467

Paul D. Borman
United States District Judge

# OPINION AND ORDER GRANTING DEFENDANTS KIEKERT AG, GUADALUPE PIZANA, KIEKERT HUMAN RESOURCES, TAMMY BROWN, PHIL REICHSTETTER, AND SUE BARKER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5) (ECF NO. 42)

## I. Procedural History

On May 27, 2020, pro se Plaintiff Curtis Nieves filed an eight-count Complaint against Kiekert AG, Kiekert USA, Chuck Bartley, Guadalupe Pizana, Kiekert Human Resources, Tammy Brown, Phil Reichstetter, and Sue Barker, alleging employment discrimination based on the Plaintiff's race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000c et seq., and related claims. (ECF No. 1.)

1

On July 21, 2020, Plaintiff successfully served Defendants Kiekert USA and Chuck Bartley ("served Defendants"), but, as this Court held in its Opinion and Order Granting Defendants' Motion to Set Aside Entries of Default (ECF No. 38), Plaintiff was unsuccessful in serving Defendants Kiekert AG, Guadalupe Pizana, Tammy Brown, Sue Barker, and Phil Reichstetter ("unserved Defendants"). This Court also held that Kiekert Human Resources was not an entity with legal or corporate existence separate from Kiekert USA, and "therefore cannot be subject to service of process." *(Id*., at PageID 265-66). These unserved Defendants now move to dismiss the Complaint for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5).

II.  **Standard of Review**

Fed. R. Civ. P. 12(b)(5) provides that an action may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The requirements for service of process are provided in Rule 4 of the Federal Rules of Civil Procedure. A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Government,* 18 Fed. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996)).

Fed. R. Civ. P.  4(m) sets an initial 90-day time limit for a plaintiff to effect service. If the plaintiff has not completed service within 90 days, Rule 4(m) directs

the Court to determine whether the plaintiff has shown good cause for failing to effect timely service. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd*, 94 F.3d at 219 (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

### III. Analysis

On October 29, 2020, this Court issued its Opinion and Order Granting Defendants' Motion to Set Aside Entries of Default (ECF No. 38). The Court ruled that "Kiekert Human Resources is not an entity with legal or corporate existence separate from that of Kiekert USA, and therefore cannot be subject to service of process" (*Id.*, at PageID 265-66). The Court also ruled that "Plaintiff's service upon Kiekert AG was improper" (*Id.*, PageID.269). Plaintiff's attempt to serve individual Defendants Guadalupe Pizana, Tammy Brown, Sue Barker, and Phil Reichstetter was also improper. (*Id.*, at PageID.271).

According to the Defendants, Plaintiff has made no further attempts to properly serve these Defendants, and the unserved Defendants request that Plaintiff's claims against them be dismissed for insufficient service of process in accordance with Fed. R. Civ. P. 12(b)(5). Pursuant to Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be made within 90 days after filing the complaint, and absent a showing of good cause, the Federal

Rules compel dismissal. *Byrd*, 94 F.3d at 219. Although those who proceed pro se, as Plaintiff is here, "are afforded significant leeway," pro se plaintiffs "must still comply with the procedural rules that govern civil cases." *Frame v. Superior Fireplace*, 74 Fed. Appx. 601, 603 (6th Cir. 2003).

In his Response to this Motion, Plaintiff offers no new arguments or evidence regarding his first unsuccessful attempt to serve these Defendants, nor any argument or evidence that he attempted to serve these Defendants following this Court's Order. (Response, ECF No. 45.) Because Plaintiff was previously notified by this Court that Defendants Kiekert AG, Guadalupe Pizana, Kiekert Human Resources, Tammy Brown, Phil Reichstetter, and Sue Barker had not been properly served, yet he has made no effort to properly effect service since that time and to this date Defendants have not been served, Plaintiff's Complaint against the unserved Defendants is DISMISSED for insufficient service of process in accordance with Fed. R. Civ. P. 12(b)(5). Defendants Kiekert AG, Guadalupe Pizana, Kiekert Human Resources, Tammy Brown, Phil Reichstetter, and Sue Barker's Motion to Dismiss (ECF No. 42) is GRANTED.

SO ORDERED.

Dated: July 13, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge