UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS NIEVES (Pro se)

        Plaintiff,

v.

KIEKERT AG, KIEKERT USA, CHUCK BARTLEY, GUADALUPE PIZANA, KIEKERT HUMAN RESOURCES, TAMMY BROWN, PHIL REICHSTETTER, SUE BARKER

        Defendants.

_____/

Case No. 20-11467

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANTS KIEKERT USA AND CHUCK BARTLEY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c) (ECF NO. 44)

### I. Procedural History

On May 27, 2020, pro se Plaintiff Curtis Nieves filed an eight-count complaint against Kiekert AG, Kiekert USA, Chuck Bartley, Guadalupe Pizana, Kiekert Human Resources, Tammy Brown, Phil Reichstetter, and Sue Barker, alleging employment discrimination based on the Plaintiff's race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000c et seq., and related claims. (ECF No. 1.)

1

Defendants Kiekert USA and Chuck Bartley filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) on March 11, 2021. (ECF No. 44.) These Defendants argue that Plaintiff's Complaint should be dismissed on the grounds of judicial estoppel, arguing that he "falsely represented to the bankruptcy court – under the penalty of perjury – that he had no claims against Defendants." (*Id*. at PageID.309).

## II. Standard of Review

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (internal citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz*, 592 F.3d at 722 (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)).

When ruling on a motion for judgment on the pleadings or a motion to dismiss, courts "primarily consider[ ] the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case," and attachments that are "referred to in the plaintiff's complaint and are central to her claim" are

2

included in the complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (internal quotations omitted). Items of public record are subject to judicial notice on a motion for judgment on the pleadings. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). This includes bankruptcy proceedings. *See* Fed. R. Evid. 201; *see, e.g.*, *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

### III. Analysis

Plaintiff was employed with Kiekert USA from 2015 until his discharge on September 13, 2019. (Complaint, ECF No. 1, ¶ 2, 22.) According to the Complaint, on September 11, 2019, Plaintiff initialed the test shill log at the beginning of his shift indicating that he had run test shills, despite not having done so. (*Id*., at ¶ 40-41) After learning of Plaintiff's conduct, Defendants terminated Plaintiff's employment. (*Id*.) Plaintiff alleges that he was treated differently than a white co-worker who had issues with her training and performance. (*Id*., at ¶ 31-39.) Plaintiff alleges he was terminated in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, among similar claims.

After Plaintiff's termination, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on December 3, 2019. (Charge of Discrimination, ECF No. 44-3.) In his EEOC filing, Plaintiff stated: "On

or about September 19, 2019, I was discharged allegedly due to failure to run test shields [sic]. Meanwhile, a similarly situated Caucasian team leader failed to run test shields and was not discharged, but instead demoted. I believe I was discharged due to my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id*.) Plaintiff was given a Notice of Right to Sue on March 16, 2020, in which the EEOC made no finding on the charges presented. (EEOC Right to Sue Letter, ECF No. 1 PageID.38.)

Plaintiff Curtis Nieves, then represented by counsel, Hugh Robert Pierce (P30488), filed for Chapter 7 bankruptcy on January 23, 2020. (Bankruptcy Petition, ECF No. 44-4.) The bankruptcy petition required Plaintiff to list all assets in "Schedule A/B: Property." (*Id*., at PageID.349.) Plaintiff was asked if he had any "claims against third parties, whether or not [he] ha[s] filed a lawsuit or made a demand for payment," to which Plaintiff answered, "No." (*Id*., at PageID.350.) The question lists examples, including "[a]ccidents, employment disputes, insurance claims, or rights to sue." (*Id*.) On April 28, 2020, the United States Bankruptcy Court for the Eastern District of Michigan granted Plaintiff a discharge of his debts (Order of Discharge, ECF No. 44-6.)

Plaintiff did not include the claims that constitute the present lawsuit in his bankruptcy filing, despite filing the Charge of Discrimination with the EEOC prior to filing for bankruptcy. Plaintiff also made no attempt to amend his bankruptcy

4

filing at any point, despite being issued the Right to Sue letter by the EEOC on March 16, 2020, prior to his debts being discharged.

Defendants now argue that "Plaintiff's claims should be dismissed pursuant to the doctrine of judicial estoppel because he falsely represented to the bankruptcy court – under the penalty of perjury – that he had no claims against Defendants." (Mot. to Dismiss, ECF No. 44 PageID.309).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (citation omitted). This doctrine is "utilized in order to preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.' " *Browning v. Levy,* 283 F.3d 761, 775 (6th Cir. 2002).

In the bankruptcy context, the Sixth Circuit has noted that "judicial estoppel bars a party from, (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.' " *White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472, 476 (6th Cir. 2010) (citation omitted). In *White*, the Court also noted that the Sixth Circuit has recognized that "judicial estoppel is inappropriate in cases of conduct amounting

to nothing more than mistake or inadvertence." *Id*. Two circumstances in which a debtor's failure to disclose might be deemed inadvertent are: (1) "where the debtor lacks knowledge of the factual basis of the undisclosed claims," and (2) where "the debtor has no motive for concealment." *Id.*

The Bankruptcy Code imposes an affirmative obligation on a debtor to disclose a schedule of assets. 11 U.S.C. § 521(1). "It is well-settled that a cause of action is an asset that must be scheduled [disclosed]." *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005) A plaintiff that fails to disclose a cause of action in bankruptcy is, under controlling law, estopped from asserting those claims in subsequent litigation. *White*, 617 F.3d 472, 476. "Moreover, the duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Lewis* 141 F. App'x at 424 (citation and internal quotation marks omitted).

Defendants argue that, at the time Plaintiff filed for bankruptcy on January 23, 2020, "he was no doubt aware that he had such claims because he asserted some of them in his EEOC charge" which was filed on December 3, 2019.

In his Response, Plaintiff argues:

> "Plaintiff believed he had no assets to disclose in his filings to the bankruptcy court. There was no deceit, Plaintiff understanding of an asset is something of value and since the complaint was just put in at the time plaintiff didn't know whether to call this complaint or investigation

an asset, because it had no value. This was nothing more
than a misunderstanding, mistake or inadvertence"

(Response, ECF No. 45 PageID.383.)

Plaintiff then argues that the COVID-19 pandemic, which began in the United States at least several weeks after Plaintiff filed his Chapter 7 bankruptcy on January 23, 2020, caused general disruption, disruption in the court system, and that Plaintiff was stricken with Covid-19 and is still feeling the effects of it.

In this case, it is clear that the first two elements for applying judicial estoppel are met. Plaintiff's statement that he had no potential financial claims against third parties is contrary to the Plaintiff's present position in this lawsuit. Before filing for bankruptcy on January 23, 2020, the Plaintiff had filed a Charge of Discrimination with the EEOC on December 3, 2019, asserting essentially the same claims that appear in the present lawsuit. The bankruptcy court necessarily relied on the Plaintiff's statement that he had no claims when issuing its Order of Discharge.

When the two elements for applying judicial estoppel are both present, judicial estoppel might not apply in cases where a plaintiff's conduct is deemed a mistake or inadvertence. *White*, 617 F.3d at 476. Mistake or inadvertence may be found where "where the debtor lacks knowledge of the factual basis of the undisclosed claims," or where "the debtor has no motive for concealment." *Id.*

Regarding Plaintiff's now-claimed lack of understanding that his potential claim was an asset that needed to be disclosed, there is no indication that lack of a subjective understanding may be invoked to prevent the application of judicial estoppel. As Judge Judith E. Levy in the Eastern District of Michigan recently wrote:

> "Mistake or inadvertence" is expressly discussed in *White* [617 F.3d 472 (6th Cir. 2010)], and there is no indication that a subjective misunderstanding is the sort of mistake or inadvertence that should prevent the application of judicial estoppel. If anything, subjective mistakes of law without anything more would lead to the sort of gamesmanship that judicial estoppel seeks to prevent.

*Taylor v. DLI Properties, LLC*, No. 15-13777, 2019 WL 1057363, at *7 (E.D. Mich. Mar. 6, 2019).

Although Plaintiff argues that he only met with his bankruptcy attorney briefly, "ignorance is unreasonable where [Plaintiff] was represented by an attorney in the bankruptcy, and any question about the required disclosures could have been answered by [his] attorney." *Harrah v. DSW Inc.*, 852 F. Supp. 2d 900, 907 (N.D. Ohio 2012).

Further, Plaintiff does not show that he had no motive to conceal the claims against Defendants. *See e.g.*, *Stephenson v. Malloy,* 700 F.3d 265, 274 (6th Cir. 2012) (stating that an individual petitioning for Chapter 7 bankruptcy protection presumably has "a motive to conceal [civil] claims: wanting to keep any settlement or judgment to himself.") (quotation marks omitted). In this case, Plaintiff clearly

believes his claims have very substantial value, given that he asserted in a request for Clerk's Entry of Default Judgment that he is entitled to a judgment in the amount of $2.5 million in damages. (ECF No. 18 PageID.104-05.) Plaintiff made no attempt to amend his bankruptcy filing when he was issued the right to sue letter by the EEOC on March 16, 2020, suggesting bad faith on the part of the Plaintiff.

Accordingly, Plaintiff's claims against Defendants Kiekert USA and Chuck Bartley are barred by judicial estoppel. Defendants' Motion to Dismiss (ECF No. 44) is GRANTED.

SO ORDERED.


Dated: July 13, 2021                    s/Paul D. Borman
                                                  Paul D. Borman
                                                  United States District Judge